ACCEPTED
01-15-00020-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/9/2015 3:06:10 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00020-CV

IN THE FIRST COURT OF APPEALS AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/9/2015 3:06:10 PM
CHRISTOPHER A. PRINE
Clerk

WILLIAM A. BALDWIN,

*Appellant,*

*v.*

LPP MORTGAGE LTD.,

*Appellee.*

Appealed from the 295th Judicial District Court of
Harris County, Texas

## APPELLEE LPP MORTGAGE LTD.'S
## MOTION TO DISMISS APPEAL FOR WANT OF JURISDICTION

TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COMES Appellee LPP MORTGAGE LTD. ("LPP") and files this Motion to Dismiss Appeal for Want of Jurisdiction pursuant to Tex. R. App. 25.1. In support thereof, LPP alleges as follows:

### PROCEDURAL HISTORY

1. This case involves a dispute over Appellant's home mortgage loan. On June 23, 2014, the 295th District Court granted final summary judgment in cause no. 2010-22793 in favor of LPP, from which Plaintiff appeals.

2. On July 23, 2014, Plaintiff/Appellant filed a Motion for New Trial. A written order denying Plaintiff's Motion for New Trial was signed on December 22, 2014. Plaintiff filed a Notice of Appeal on January 9, 2015.

APPELLANT'S APPEAL IS UNTIMELY

3. Appellant filed the Notice of Appeal more than six months after final summary judgment was rendered in favor of Defendant/Appellee and the appeal should therefore be dismissed as untimely. Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* Tex. R. App. P. 26.1. The time to file a notice of appeal is extended to 90 days after the judgment is signed if, within 30 days after the judgment is signed, a party files a motion for new trial. *Bonham v. Texas Amer. Title Company*, 2014 WL 197755 at *1 (Tex. App. – Houston [1st Dist.], Jan. 16, 2014, no pet.) (citing TRAP 26.1). If a notice of appeal is not timely filed, the appellate court lacks jurisdiction to hear the appeal, and the appeal must be dismissed. *Id.* Here, final summary judgment was granted on June 23, 2014.[1] Plaintiff/Appellant filed a Motion for New Trial on July 23, 2014. Accordingly, Appellant had until September 22, 2014 to file a Notice of Appeal at

---

[1] A true and correct copy of the Final Summary Judgment is attached hereto as Exhibit "A" and incorporated herein for all purposes. A true and correct copy of the Motion for New Trial is additionally attached as Exhibit "B" and incorporated herein for all purposes. This Court may take judicial notice of both the date of the Final Summary Judgment and Motion for New Trial.

the very latest.[2] Plaintiff/Appellant did not file his Notice of Appeal in this matter until January 9, 2015. The present appeal is therefore untimely, and this Court should dismiss the appeal for want of jurisdiction.

WHEREFORE, PREMISES CONSIDERED, LPP prays that this Court dismiss Plaintiff/Appellant's appeal as untimely and for want of jurisdiction and for such other and further relief to which LPP may show itself justly entitled.

Respectfully submitted,

GREGG & VALBY, P.C.

by: /s/ John H. Miller, III
Thomas G. Overbeck
State Bar No. 15353450
John H. "Jack" Miller, III
State Bar No. 24083503
1700 W. Loop South, Suite 200
Houston, TX 77027
Ph: (713) 960-1377
Fax: (713) 960-1809

---

[2] September 21, 2014 is ninety days from June 23, 2014. However, September 21 fell on a Sunday. Under Tex. R. Civ. Pro. 4's mechanism for computing time, the Plaintiff would therefore have had until Monday, September 22, 2014 to file his Notice of Appeal.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Appellee's Motion to Dismiss Appeal as Untimely has been served on Appellant in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on the 9th day of February, 2015 by appropriate electronic service, fax to (713) 595-8201 and/or by deposit into the care and custody of the United States Postal Service in an envelope addressed to:

William A. Baldwin
7936 Grove Ridge Dr.
Houston, TX 77061


/s/ *John H. Miller, III*